# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **TBR STRATFORD 1031 WA LLC,** *doing business as* **The Stratford Apartments,** | : : : : | |
| Plaintiff, | : : | **CIVIL ACTION FILE NO. 1:17-cv-02720-WSD-AJB** |
| v. | : : | |
| **MICHAELA GREEN,** | : : | |
| Defendant. | : | |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

This matter is presently before the Court for frivolity review pursuant to 28 U.S.C. § 1915(e). For the reasons below, the undersigned **RECOMMENDS** that the case be **REMANDED** to the Magistrate Court of Fulton County, Georgia.

## I. Introduction

On or about June 15, 2017, Plaintiff TBR Stratford 1031 WA LLC, doing business as The Stratford Apartments, filed a dispossessory action against Defendant Michaela Green in the Magistrate Court of Fulton County, Georgia, for the property

located at 2202 Glenridge Stratford Dr., Atlanta, Georgia 30342 (the "Property").[1] [Doc. 1-1 at 10]. Defendant, proceeding *pro se*, then removed the case to this Court on July 19, 2017, filing a notice of removal and an IFP application. [Doc. 1; Doc. 1-1].

## II. Frivolity Review

### A. Standard

Because the undersigned has determined in a separate order that Defendant may proceed IFP, the Court must perform a frivolity review pursuant to 28 U.S.C. § 1915(e). Under 28 U.S.C. § 1915(e), a court must "*sua sponte* dismiss [an indigent non-prisoner's] complaint or any portion thereof which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune." *Robert v. Garrett*, No. 3:07-cv-625, 2007 WL 2320064, at *1 (M.D. Ala. Aug. 10, 2007); *see also* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)). A litigant does not state a claim under § 1915(e)(2)(B)(ii) "when the facts as pleaded do not state a claim for relief that is

---

[1] The Magistrate Court of Fulton County assigned the matter Case No. 17ED038861. [Doc. 1-1 at 10].

2

'plausible on its face.' " *Thompson v. Fernandez Rundle*, 393 Fed. Appx. 675, 678 (11th Cir. Aug. 20, 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A *pro se* pleading is liberally construed. *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). This leniency does not permit the district court to act as counsel for a party or to rewrite deficient pleadings. *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 Fed. Appx. 274, 276-77 (11th Cir. Jan. 9, 2008) (per curiam) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)); *see also GJR Invs., Inc.*, 132 F.3d at 1369 ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party . . . .").

**B.     Analysis**

As the following discussion demonstrates, the undersigned determines that Defendant improvidently removed the state-court action to this Court. A defendant may remove a case from state court to federal court if the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). A district court lacks subject-matter jurisdiction over a removal action when it does not have "original jurisdiction over the plaintiff's claims." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Original jurisdiction under § 1441 arises if there is diversity of citizenship or the complaint presents a federal question. *See* 28 U.S.C. § 1441(b);

3

*Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1352 n.2 (11th Cir. 2003); *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999). "The district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time." *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Further, "[f]ederal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

The undersigned first examines whether there is diversity jurisdiction, then considers federal-question jurisdiction.

### 1. Diversity Jurisdiction

Under 28 U.S.C. § 1332, district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). Under § 1332(a), an in-state plaintiff may invoke diversity jurisdiction in a federal court that sits in the state where the plaintiff resides. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The removal

4

statute does not provide an in-state party the same flexibility in removing cases, however. *Id.* at 89-90 ("The scales are not evenly balanced" for plaintiffs bringing a case under diversity jurisdiction and for defendants removing a case under diversity jurisdiction.). Instead, § 1441(b) bars removal on the basis of diversity if the "part[y] is a citizen of the State in which [the] action is brought." *Id.* at 90 (quoting 28 U.S.C. § 1446(b)); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996).

The Court concludes that Defendant cannot show diversity jurisdiction. First, Defendant has failed to demonstrate that the matter in controversy exceeds $75,000. A dispossessory proceeding is a dispute over the limited right to possession, and not a dispute over ownership. *Novastar Mortg., Inc. v. Bennett*, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001) (Pannell, J.), *aff'd*, 35 Fed. Appx. 858 (11th Cir. Apr. 16, 2002). Thus, "[t]he amount claimed by the plaintiff cannot be measured by the value of the underlying land." *Id*. Defendant has neither argued, nor provided any information indicating, that the value of her right to possession of the Property exceeds $75,000.

Second, Defendant has not asserted that the matter in controversy is between citizens of different states. [*See* Doc. 1-2 at 1 (indicating that both parties are citizens of this state)]. Additionally, a defendant may not remove a case from state to federal court "if any of the parties in interest properly joined and served as defendants is a

5

AO 72A
(Rev.8/8
2)

citizen of the State in which such action is brought." 28 U.S.C. § 1441. Defendant states that she is a citizen of Georgia, the state in which the dispossessory proceeding was filed. [*See* Doc. 1-2 at 1].

Thus, the Court cannot find that the dispossessory proceeding satisfies either the amount-in-controversy requirement, or the diversity-of-citizenship requirement. Accordingly, § 1332 does not grant the Court original jurisdiction over this case.

### 2. Federal Question Jurisdiction

A federal question exists if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998). "To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal." *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 430-31 (1999); *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1013 (11th Cir. 2003) ("[U]nless the face of a plaintiff's complaint states a federal question, a Defendant may not remove a case to federal court on

[a federal question] basis, even though a possible defense might involve a federal question."). Nor may a counterclaim serve as the basis for federal-question jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 56 (2009) (federal jurisdiction cannot be predicated on an actual or anticipated defense or counterclaim); *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002); *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998). The removing defendant bears the burden of proving that a federal question exists. *See Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005); *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

Here, there is no indication that Plaintiff's complaint raises anything more than a dispossessory claim. [*See* Doc. 1-1 at 10]. Dispossessory actions are authorized under the Official Code of Georgia. *See* O.C.G.A. § 44-7-49 *et seq*. No federal law or authority is invoked on the face of the complaint, nor does Plaintiff request any relief other than overdue rent and utilities, late fees, costs of the action, and possession of the premises. [Doc. 1-1 at 10]. Thus, the claim forming the basis for this action is simply a dispossessory action and therefore exclusively a matter of state law. *See Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) (Batten, J.). As a result, the undersigned finds that there is no federal question presented in the

complaint such that this Court might exercise subject-matter jurisdiction over this matter under 28 U.S.C. § 1331.

## III. Conclusion

In sum, Plaintiff's complaint contains no grounds upon which the Court might exercise subject-matter jurisdiction over the action, and consequently, the federal courts do not have the power to hear this case. The undersigned therefore **RECOMMENDS** that this case be **REMANDED** to the Magistrate Court of Fulton County, Georgia.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this 4th day of August, 2017.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)