IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TBR STRATFORD 1031 WA LLC,
doing business as The Stratford
Apartments,

        Plaintiff,

v.

MICHAELA GREEN,

        Defendant.

1:17-cv-2720-WSD

# OPINION AND ORDER

This matter is before the Court on Magistrate Judge Alan J. Baverman's Final Report and Recommendation [4] ("R&R"), which recommends remanding this dispossessory action to the Magistrate Court of Fulton County, Georgia.

## I. BACKGROUND

On June 15, 2017, Plaintiff TBR Stratford 1031 WA LLC, doing business as The Stratford Apartments ("Plaintiff"), initiated a dispossessory proceeding against Defendant Michaela Greene ("Defendant") in the Magistrate Court of Fulton County, Georgia.[1] The Complaint seeks possession of premises currently occupied by Defendant and seeks past due rent, fees and costs.

---

[1] No. 17ED038861.

On July 19, 2017, Defendant, proceeding *pro se*, removed the Fulton County Action to this Court by filing her Notice of Removal and an application to proceed *in forma pauperis* ("IFP Application").  Defendant appears to assert that there is federal subject matter jurisdiction because there is a question of federal law in this action.  Defendant "complains of various systematic and premeditated deprivations of fundamental [r]ights guaranteed by the U.S. Constitution, by the Constitution of the State of Georgia and by federal law, and which deprivations are violations of 18 U.S.C. §§ 241 and 242."  (Notice of Removal [3] at 5).

On August 4, 2017, Magistrate Judge Baverman granted Defendant's IFP Application.  ([2]).  The Magistrate Judge then considered, *sua sponte*, whether there is federal subject matter jurisdiction over the action removed.  The Magistrate Judge found that federal subject matter jurisdiction was not present and recommended that the Court remand the case to the Magistrate Court of Fulton County.  The Magistrate Judge found that the Complaint filed in Magistrate Court asserts a state court dispossessory action and does not allege federal law claims.  Because a federal law defense or counterclaim does not confer federal jurisdiction, the Magistrate Judge concluded that the Court does not have federal question jurisdiction over this matter.  Although not alleged in the Notice of Removal, the Magistrate Judge also considered whether the Court has subject-matter jurisdiction

based on diversity of citizenship. The Magistrate Judge found that Defendant failed to allege any facts to show that the parties' citizenship is completely diverse, or that the amount in controversy exceeds $75,000. The Magistrate Judge concluded that the Court does not have diversity jurisdiction over this matter and that this case is required to be remanded to the state court.

There are no objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

B.  Analysis

Defendant does not object to the Magistrate Judge's finding that Plaintiff's Complaint does not present a federal question and that the parties are not diverse. The Court does not find any plain error in these conclusions. It is well-settled that federal-question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002). The record also does not show that Plaintiff and Defendant are citizens of different states, or that the amount in controversy exceeds the statutory threshold of $75,000. See 28 U.S.C. § 1332(a); Carter v. Butts Cty., Ga., et al., 821 F.3d 1310, 1322 (11th Cir. 2006) (quoting Steed v. Fed. Nat'l Mortg. Corp., 689 S.E.2d 843, 848 (Ga. Ct. App. 2009)) ("[U]nder Georgia law, '[w]here former owners of real property remain in possession after a foreclosure sale, they become tenants at sufferance,'" and are thus subject to a dispossessory proceeding under O.C.G.A. § 44-7-50, which "provide[s] the exclusive method by which a landlord may evict the tenant"); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A]

dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").[2]

Because the Court lacks both federal question and diversity jurisdiction, this action is required to be remanded to the Magistrate Court of Fulton County. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[3]

---

[2] The Magistrate Judge also found that removal was procedurally defective because Defendant, assuming that she is a citizen of Georgia, cannot remove to federal court an action brought against her in a Georgia state court. See 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity] jurisdiction…may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

[3] To the extent Defendant claims removal is proper under Section 1443 based on "various systematic and premeditated deprivations of fundamental [r]ights guaranteed by the U.S. Constitution, by the Constitution of the State of Georgia and by federal law," these broad assertions of general constitutional violations are "phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that section 1443 demands." See Kopec v. Jenkins, 357 F. App'x 213, 214 (11th Cir. 2009) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)); see also 28 U.S.C. § 1443 (providing exception to the well-pleaded complaint rule for removal of an action that is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States"); Rachel, 384 U.S. at 788 (Section 1443 requires defendant to show "both that the right upon which they rely is a 'right under any law providing for . . . equal civil rights,' and that they are 'denied or cannot enforce' that right in the courts of

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Alan J. Baverman's Final Report and Recommendation [4] is **ADOPTED.**

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of Fulton County, Georgia.

**SO ORDERED** this 2nd day of October, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

Georgia."). Removal is not proper based on 28 U.S.C. § 1443 and this action is required to be remanded for this additional reason.